# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD GROSSO,** | : | |
| **Petitioner** | : | |
| | : | **No. 1:22-cv-00925** |
| **v.** | : | |
| | : | **(Judge Rambo)** |
| **MICHAEL ZAKEN,** | : | |
| **Respondent** | : | |

## <u>MEMORANDUM</u>

<u>Pro se</u> petitioner Richard Grosso ("Petitioner"), who is currently incarcerated at State Correctional Institution Greene in Waynesburg, Pennsylvania has petitioned the Court for a writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2254 ("Section 2254"). (Doc. No. 1.)  In his petition, he challenges his underlying state court criminal conviction and sentence, which were imposed by the Centre County Court of Common Pleas in May of 1993.  (<u>Id.</u>)  Respondent has filed a motion to dismiss the petition, along with a brief in support thereof, arguing that the petition was untimely filed.  (Doc. Nos. 14, 15.)  For the reasons set forth below, the Court agrees and, thus, will grant Respondent's motion and direct the Clerk of Court to close this case.

## I.     BACKGROUND

On April 27, 2022,[1] Petitioner commenced the above-captioned action by filing his Section 2254 petition and paying the requisite filing fee in the United States District Court for the Western District of Pennsylvania ("Western District").  (Doc. No. 1.)  On June 7, 2022, the Western District transferred the case to this District Court.  (Doc. Nos. 4, 6.)  The Western District explained that, although Plaintiff is incarcerated at SCI Greene, which is located in the Western District, Plaintiff's underlying state court criminal conviction was obtained in the Court of Common Pleas of Centre County, Pennsylvania, which is located within the Middle District of Pennsylvania.  (Doc. Nos. 4, 6.)  As a result, the Western District found that the interests of justice weighed in favor of transferring Petitioner's case to the Middle District.  (Id.)

After receiving the transfer order from the Western District, the Court issued an Administrative Order in accordance with Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), instructing Petitioner that he could (1) have the petition ruled on as filed— that is, as a Section 2254 petition for a writ of habeas corpus or (2) withdraw his

---

[1]  The petition is dated April 27, 2022 (Doc. No. 1 at 14) and, thus, is deemed filed as of that date.  See Pabon v. Mahanoy, 654 F.3d 385, 391 n.8 (3d Cir. 2011) (noting that "[t]he federal 'prisoner mailbox rule' provides that a document is deemed filed on the date it is given to prison officials for mailing (citing Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998))).

petition and file one all-inclusive Section 2254 petition within the one-year statutory period prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (Doc. No. 9.)  The Court included a Notice of Election form in its Administrative Order and directed Petitioner to elect how he would be proceeding in this case within forty-five (45) days.  (Id.)

On July 6, 2022, Petitioner filed his Notice of Election form, electing to have the Court rule on his petition as filed.  (Doc. No. 11 at 1.)  On July 13, 2022, the Court directed the Clerk of Court to serve the petition upon Respondent Michael Zaken, the Attorney General of the Commonwealth of Pennsylvania, and the District Attorney of Centre County, Pennsylvania, and ordered Respondent to file an answer, motion, or other response to the petition.  (Doc. No. 12.)  On July 28, 2022, counsel entered his appearance on behalf of Respondent (Doc. No. 13), and the following day, Respondent filed a motion to dismiss, as well as a supporting brief (Doc. Nos. 14, 15).

On August 12, 2022, Petitioner filed a motion to proceed with his petition "due to Respondent['s] failure to answer said petition as ordered within 20 days[.]" (Doc. No. 16 at 1.)  In his motion, Petitioner states that Respondent has not entered an entry of appearance or responded to the petition, despite the Court's Order directing service of the petition and instructing Respondent to file a response to the

petition.  (Id. at 1-2.)  As a result of Respondent's alleged failure to respond,
Petitioner requests the Court to "proceed with this case[.]"  (Id. at 2.)

As discussed above, however, Respondent filed a motion to dismiss the
petition and a supporting brief on July 29, 2022.  (Doc. Nos. 14, 15.)  This was a
mere sixteen (16) after the Court issued its Order on July 13, 2022, directing
Respondent to file a response to the petition.  (Doc. No. 12.)  Thus, the Respondent's
motion to dismiss and supporting brief were timely filed.  As a result, the Court will
deny Petitioner's motion, as it is without merit.

In addition to filing his motion to proceed with his petition (Doc. No. 16),
Petitioner also filed a brief in opposition to Respondent's motion to dismiss (Doc.
No. 17).  As reflected by the Court's docket, Respondent has not filed a reply to
Petitioner's brief in opposition, and the time period for doing so has expired.  Thus,
Respondent's motion (Doc. No. 14) is ripe for the Court's disposition.  For the
reasons set forth below, the Court will grant Respondent's motion to dismiss the
petition.

## II.    LEGAL STANDARD

Petitions for writs of habeas corpus filed pursuant to Section 2254 are subject
to a one-year statute of limitations, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion
> of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

See 28 U.S.C. § 2244(d)(1) ("Section 2244(d)(1)").

This limitations period is tolled during the pendency of a "properly filed" application for post-conviction relief in state court.  See 28 U.S.C. § 2244(d)(2) ("Section 2244(d)(2)"). (providing that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").  This limitations period may also be tolled under the equitable tolling doctrine or the actual innocence exception, both of which must be established by the habeas petitioner.  See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (regarding equitable tolling); McQuiggin v. Perkins, 569 U.S. 383, 386 (2013) (regarding actual innocence).

## III.    DISCUSSION

As stated above, Petitioner has petitioned the Court pursuant to the provisions of Section 2254, challenging his state court conviction and sentence that were imposed by the Court of Common Pleas of Centre County, Pennsylvania. (Doc. No. 1.)   Respondent has filed a motion to dismiss the petition, along with a supporting brief, arguing, inter alia, that the petition was untimely filed and that no exceptions to the applicable statute of limitations apply to the petition. (Doc. Nos. 14, 15.) The Court, having reviewed the underlying record in this matter, agrees.

In his petition, Petitioner cites to the docket number of his criminal case, stemming from the Court of Common Pleas of Centre County, Pennsylvania, i.e., CP-14-CR-0000536-1991. (Doc. No. 1 at 1 ¶ 1(b).)[2]  In that case, Petitioner was convicted on June 2, 1992, of kidnapping, robbery, aggravated assault, and related charges of simple assault, terroristic threats, false imprisonment, unlawful restraint, and theft. (Doc. No. 1 at 1; Doc. No. 15-1 at 7.)  He was sentenced on May 17, 1993 to three (3) consecutive sentences of ten (10) to twenty (20) years imprisonment on the first three (3) charges listed above, the aggregate being thirty (30) to sixty (60) years imprisonment. (Doc. No. 1 at 1; Doc. No. 15-1 at 7.)  Subsequently, on June

---

[2]  The Court takes judicial notice of the state court's docket sheet in this case, which is available through the Unified Judicial System of Pennsylvania Web Portal at https://ujsportal.pacourts.us/CaseSearch.  See Commonwealth v. Grosso, No. CP-14-CR-0000536-1991 (Centre Cnty. Ct. Com. Pl., filed Jan. 1, 1991).

17, 1993, Petitioner was convicted of escape, and he was sentenced to undergo a term of imprisonment for three and half (3 1/2) to seven (7) years, with credit for the seven-hundred and eighty-two (782) days served in the Centre County Prison prior to sentencing on the escape charge. (Doc. No. 15-1 at 7.)

Under Pennsylvania law, a defendant who has been convicted and sentenced of a crime, such as Petitioner, has thirty (30) days in which to file a direct appeal, starting from the latter of (a) the date of sentencing, see Pa. R. Crim. P. 720(A)(3)), or (b) the date of an order deciding a timely post-sentence motion or acknowledging the defendant's withdrawal of such a timely post-sentence motion, see Pa. R. Crim. P. 720(A)(2). The defendant's judgment becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." See 42 Pa. C.S.A. § 9545(b)(3).

Here, Petitioner subsequently filed direct appeals from his state court convictions. (Id.) Although the exact date is somewhat unclear based upon the record before the Court, it appears that, on or about March 7, 1994, the Pennsylvania Superior Court ("Superior Court") affirmed Petitioner's judgment of sentence for those convictions. (Doc. No. 15-1 at 8, 24.) And, on November 18, 1994, the Pennsylvania Supreme court denied Petitioner's petition for allowance of appeal. (Id. at 25.) Because Petitioner did not file a petition for certiorari in the United States

7

Supreme Court (Doc. No. 1 at 3 ¶ 9(h)), his judgment became final on February 16, 1995, when the ninety (90)-day deadline for seeking such review expired.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (explaining that the petitioner's "judgment became final by the conclusion of direct review or the expiration of time for seeking such review, including the time for filing a writ of certiorari in the Supreme Court" (citations omitted)); see also 42 Pa.C.S.A. § 9545(b)(3) (providing that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States . . . or at the expiration of time for seeking the review"); U.S. Sup. Ct. R. 13(1) (providing that a petition for a writ of certiorari to review a judgment in any case, civil or criminal, is timely when it is filed within ninety (90) days after entry of the judgment).

Consequently, the one-year limitations period set forth in Section 2244(d)(1) commenced running the following day on February 17, 1995, and Petitioner had one year, or until February 17, 1996, to file his Section 2254 petition in this Court.  As reflected by the Court's docket, however, Petitioner did not file his Section 2254 petition until April 27, 2022, well over twenty-six (26) years after the one-year statute of limitations had already expired.  Consequently, the Court finds that his petition was untimely filed in this District Court.

However, the Court's analysis does not end there.  The Court must next determine whether Petitioner is entitled to any statutory or equitable tolling, or relief

under the actual innocence exception.  For the reasons discussed below, the Court finds that Petitioner is not entitled to such tolling or any relief under the actual innocence exception.

### A.     Statutory Tolling

With respect to statutory tolling, the Court observes that, under Section 2244(d)(2), the one-year limitations period is tolled with respect to "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending[.]"  See 28 U.S.C. § 2244(d)(2).  Here, there is no dispute that Petitioner filed two (2) petitions pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), see 42 Pa. Cons. Stat. §§ 9541-9546.  (Doc. No. 15 at 2-3.)  Thus, the critical inquiry before this Court is whether either one of those petitions tolled the one-year limitations period.

Petitioner filed his first PCRA petition on November 29, 1994, combining his challenges to his separate convictions in a single petition.  (Doc. No. 15-1 at 5, 6, 8.) The trial court denied Petitioner PCRA relief (id. at 4, 5), and on February 1, 1999, the Superior Court affirmed the trial court's decision, concluding that the petition lacked merit (id. at 6).  On August 25, 1999, the Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal.  (Id. at 20.)

As set forth above, the one-year statute of limitations period set forth in Section 2244(d)(1) commenced running on February 17, 1995.  Thus, when

Petitioner filed his first PCRA petition on November 29, 1994, the one-year limitations period was immediately tolled on February 17, 1995, and remained tolled until November 23, 1999, the last day for filing a writ for certiorari in the United States Supreme Court (i.e., counting ninety (90) days from August 25, 1999, the date on which the Pennsylvania Supreme Court denied allocatur as to Petitioner's first PCRA petition).[3]

Thus, the one-year limitations period initially began to run on the following day, November 24, 1999, and continued to run for three-hundred and sixty-five (365) days or until November 24, 2000, when it expired. Although Petitioner subsequently filed a second PCRA petition on October 20, 2004, the Court finds that this petition did not toll the one-year limitations period set forth in Section 2244(d)(1) because there was, quite simply, no time left to toll.

Additionally, the Court finds that, because the Superior Court affirmed the trial court's order dismissing Petitioner's second PCRA petition as untimely filed (Doc. No. 15-1 at 24, 29-31), this petition was not "properly filed" and, thus, did not toll the statute of limitations. As explained by the United States Supreme Court, an untimely PCRA petition is not considered "properly filed" and, thus, does not toll the one-year statute of limitations period. See Pace, 544 U.S. at 417 (holding that

---

[3]  There is no indication that Petitioner appealed this decision to the Pennsylvania Supreme Court.

"[b]ecause the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under [Section] 2244(d)(2)"); Merritt v. Blaine, 326 F.3d 157, 167-68 (3d Cir. 2003) (holding that the petitioner's PCRA petition was not "properly filed" for purposes of AEDPA because the Pennsylvania Superior Court had rejected the petitioner's contention that the petition was timely filed).

Accordingly, for all of these reasons, the Court concludes that statutory tolling does not overcome the untimeliness of Petitioner's Section 2254 petition. See 28 U.S.C. § 2244(d)(2) (providing that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection") (emphasis added). Thus, the Court turns to the question of whether the one-year limitations period is subject to equitable tolling or whether Petitioner is entitled to relief under the actual innocence exception.[4]

---

[4]   Before moving on to equitable tolling and the actual innocence exception, the Court briefly notes that Plaintiff filed a petition for a writ of habeas corpus ad subjiciendum with the Pennsylvania Supreme Court in November of 2021.  The Pennsylvania Supreme Court denied his petition on February 22, 2022. (Doc. No. 15-1 at 34.)  To the extent that this petition can be construed as a petition seeking state post-conviction relief, as contemplated by Pennsylvania's procedures, the Court notes that, much like his two (2) PCRA petitions, this petition was also untimely filed.

**B.     Equitable Tolling**

"Equitable tolling is available 'only when the principle of equity would make the rigid application of a limitation period unfair.'" Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006) (quoting Merritt, 326 F.3d at 168).  For that reason, "[a] petitioner seeking equitable tolling bears the burden to show that he diligently pursued his rights and that some 'extraordinary circumstance stood in his way.'" See id. (quoting Pace, 544 U.S. at 418).  Equitable tolling may be appropriate if: (1) the petitioner has been "actively misled[;]" (2) the petitioner "has in some extraordinary way been prevented from asserting his rights;" or (3) the petitioner "has timely asserted his rights mistakenly in the wrong forum."  See id. (quoting Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001)).

The Court, having carefully reviewed this matter, finds that Petitioner has not met his burden to demonstrate that equitable tolling is warranted here.  More specifically, Petitioner has neither alleged nor shown any factual basis upon which the Court could conclude that he diligently pursued his rights and that some extraordinary circumstance stood in his way, thus preventing him from timely filing the instant petition in this Court.  Moreover, it has long been recognized that "[m]ere excusable neglect is not sufficient" to rise to the level of an extraordinary circumstance.  See LaCava v. Kyler, 398 F.3d 271, 276 (3d Cir. 2005); Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 89 n.16 (3d Cir. 2013) (noting that

12

claims of "excusable neglect . . . such as attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling (citation and internal citation and quotation marks omitted)).[5]  Thus, the Court turns to whether the actual innocence exception allows Petitioner to overcome the time-bar to his Section 2254 petition.

### C.    Actual Innocence

The Court begins with the basic legal tenet that the actual innocence exception "applies to a severely defined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" See McQuiggin, 569 U.S. at 394-95 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).  Thus, relief under this exception is exceedingly rare, see id. at 386, and the standard for establishing actual innocence is an exacting one.  See id. at 401.  The standard demands "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."  See Schlup, 513 U.S. at 324.  Accordingly, a habeas corpus petitioner, such as Petitioner, has not met this standard "'unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would

---

[5]  At most, Petitioner has asserted that "the time to file this present writ of habeas corpus began 2-22-2022[,]" following the Pennsylvania Supreme Court's denial of his petition for a writ of habeas corpus ad subjiciendum.  (Doc. No. 17 at 4, ¶ 9.) For all of the reasons discussed above, however, the Court is unpersuaded by this assertion.

have voted to find him guilty beyond a reasonable doubt.'" <u>See</u> <u>McQuiggin</u>, 569 U.S. at 386 (quoting <u>Schlup</u>, 513 U.S. at 329).

"Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." <u>Schlup</u>, 513 U.S. at 324; <u>Sistrunk v. Rozum</u>, 674 F.3d 181, 192 (3d Cir. 2012) (explaining that "<u>Schlup</u> sets a supremely high bar"). Thus, "[p]roving actual innocence based on new evidence requires the petitioner to demonstrate (1) new evidence (2) that is reliable and (3) so probative of innocence that no reasonable juror would have convicted the petitioner." <u>See id.</u> at 191 (citations omitted). All three of these factors are necessary for a habeas corpus petitioner to be entitled to relief under the actual innocence exception. <u>See id.</u> And, if ultimately proven, this exception "serves as a gateway through which a petitioner may pass" even though the statute of limitations has expired. <u>See</u> <u>McQuiggen</u>, 569 U.S. at 386.

Accordingly, in order for Petitioner to have demonstrated that he was entitled to pass through this gateway exception based upon his actual innocence, he was required to establish as a factual matter that, in light of new reliable evidence, no juror acting reasonably would have found him guilty of the crimes for which he was convicted. The Court, having carefully reviewed this matter, ultimately finds that Petitioner has not made this threshold showing. In fact, from what the Court can

discern, Petitioner has not asserted actual innocence, much less shown actual innocence.

Thus, for all of these reasons, the Court concludes that Petitioner has not met his burden of proof that he is entitled to relief under the actual innocence exception. See House v. Bell, 547 U.S. 518, 538 (2006) (stating that "it bears repeating that the Schlup standard is demanding and permits review only in the extraordinary case" (citations omitted)).

## IV.   CONCLUSION

For all of the foregoing reasons, the Court will grant Respondent's motion and dismiss the instant Section 2254 petition.  (Doc. No. 14.)   The Court will not issue a certificate of appealability because jurists of reason would not debate this procedural ruling.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (stating that when a habeas corpus petition is denied on procedural grounds, the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling").  An appropriate Order follows.


Dated: April 11, 2023                          s/ Sylvia H. Rambo
                                               SYLVIA H. RAMBO
                                               United States District Judge